**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               No. CIV-05-0866 JP/RHS
                                                        CR-01-1320 JP

CARLOS CARRASCO,

    Respondent.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 90) filed August 15, 2005. *See* 28 U.S.C. § 2255 R. 4(b). In the motion Defendant alleges that the Court recommended Defendant's participation in certain programs provided by the Bureau of Prisons ("BOP"). During his incarceration the BOP terminated one of these programs that could have resulted in a reduction of his prison term. Defendant claims that termination of the program will cause him to serve more time than the Court intended, in violation of the Ex Post Facto clause, and he asks that his sentence be reduced accordingly.

      Because Defendant's motion attacks the execution of his sentence and not the Court's imposition of sentence, no relief is available under § 2255. A § 2255 motion may be used to attack the conviction or sentence imposed by the Court. *See Bradshaw v. Story*, 86 F.3d 164, 166-67 (10th Cir.1996). An application under 28 U.S.C. § 2241, on the other hand, "attacks the execution of a sentence rather than its validity." *Id.*; *and see Oliver v. Ortiz*, No. 04-1548, slip ord. at **2 (10th Cir. Sept. 1, 2005) (analyzing challenge under § 2241 to inmate-account deductions for restitution

payments). Defendant's motion should therefore be liberally construed as an application for writ of habeas corpus under § 2241. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (requiring that pro se pleadings be liberally construed); *Brown v. Smith*, 828 F.2d 1493, 1494 (10th Cir. 1987) (construing § 1983 complaint as § 2241 petition); *Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992) (stating that a plaintiff's pro se characterization of claims is not dispositive).

Petitioner is currently confined at FCI La Tuna, which is located within the boundaries of the Western District of Texas. *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). A § 2241 habeas corpus petition may be adjudicated only by the district court in the district of petitioner's confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, ---, 124 S.Ct. 2711, 2722-25 (2004); *United States v. Buck*, No. 99-2129, 1999 WL 811685, at **2 (10th Cir. Oct. 12, 1999) ("A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined."); *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986). Because Defendant's claims may not be adjudicated in this district, the Court will dismiss the motion without prejudice.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 90) filed August 15, 2005, is DISMISSED without prejudice to Defendant's right to pursue his claim in an appropriate forum; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE